Good morning, Your Honors. May it please the Court, my name is Sylvia Spars and I represent the Petitioner. The Court specifically asked the parties to address whether the Petitioner's convictions were convictions under the INA in light of the Board's decision, Matter of Cuellar. In Matter of Cuellar, the Court, the Board affirmed Matter of Islamazar, which confirmed the principle that guilty convictions must have been issued in proceedings that afford constitutional safeguards. Although the Board did not recognize that respondents in Cuellar had an absolute right to counsel, they did acknowledge that there is a constitutional right to counsel for indigent defendants who are unable to retain counsel of their own and face the prospect of imprisonment. They further indicated that the Wichita Municipal Court proceedings had the practice of providing counsel to indigent defendants who face incarceration consistent with constitutional requirements. However, under Nevada law, municipal court proceedings do not comport with these constitutional mandates. Counsel, let's slow down just a little bit. Yes. The matter of — I wish my Spanish were better — Gomez, the — that you referred to, from my reading of the opinion, the holding in the opinion was that the judgment of guilt entered against the respondent by the Wichita Municipal Court is a conviction under the plain language of 101A, 48A of the Act because it is a formal judgment of guilt of the alien entered by a court. And that's the holding. Yes, I agree. However, they did discuss — Okay. And so in this case, we have a formal judgment of guilt of the alien entered by a court. Correct. Now, you were going to say next, but they did discuss the State proceedings and what had happened in the State, the two-tier system and so forth. Right. But the holding concerned the judgment. We would both agree on that. So in your case, we have a formal judgment. Now, what is the State proceeding regarding jury trial in your State? There is no — I mean, there is a two-tier system. However, there is no right to a jury trial in municipal court proceedings that have sentences with a maximum of six months. Now, why does that matter here? So if we take the BIA's construction of criminal proceeding or conviction for purposes of the 1101A, 48A, and it says it needs to have — it needs to meet constitutional standards, among other things. But there are cases saying — I think Scott v. Illinois says there's no constitutional right to counsel so long as a sentence of imprisonment wasn't imposed. And so for his petty larceny offense, was a sentence of imprisonment imposed? No, it wasn't, Your Honor. But in his DUI conviction, he did have a two-day jail sentence which was imposed. Okay. So for the — because your briefs weren't really clear whether we were focusing on the petty larceny conviction or the DUI conviction. Was the DUI conviction also no right to counsel? He wasn't represented? Right. Correct, Your Honor. In the — in the DUI conviction, I think it's a much stronger constitutional argument that he didn't have those safeguards, because as the Court indicated in Scott v. Illinois and Alabama v. Shelton, there is that — that constitutional safeguard that if you're going to get imprisonment, you have to have right to counsel. And he didn't have it. He had the two days in jail. There is actually — in the statute, there's a two-day to six-month sentence or community service. And he actually got the two days in his DUI conviction. And do the Supreme Court cases say that any amount of imprisonment, so they don't? Yes. Because I know for the — I guess for the jury trial, I think if it's less than six months or less, then there's no right to a jury trial. But for right to counsel, you're saying any amount of imprisonment. Yes. Any amount of actual jail time has a Sixth Amendment significance, and that's out of Glover v. United States. Counsel, and just help me. Remind me, because I was focused on the — on the trespass, and I didn't catch in your brief where you discussed the DUI and — and challenged that. It was in the initial briefing, Your Honor, in my first brief to the immigration judge. I did indicate at that time. I'm talking about your brief to us. Oh. I did as a blanket. I didn't specify which conviction. I don't think I just — I indicated that the I.J. didn't even address that issue in its decision. And then, of course, the BIA just affirmed the I.J.'s decision, so they didn't address it either. And when the court asked us to brief the matter of Cuellar, then at this point this is what I'm explaining, that they're — in Nevada, those two constitutional safeguards, the right to counsel and right to jury trial, are not present. And so if those aren't present, the matter of Islamazar had indicated that all those proceedings have to have constitutional safeguards in order to be genuine criminal proceedings. And the matter of Cuellar did not distinguish, did not say, we're not following that rule. They confirmed the matter of Islamazar, and then even spoke about how Mr. Cuellar did not meet that threshold. They said, well, in Kansas, they do have a right to counsel, and the proceedings in Kansas show that he is getting those due process concerns met. And in regards to the right to jury, they also indicated that there was a two-tier system, and that in Kansas also you have a right to a jury trial at the district court level. But that's distinguishable with Nevada. Kagan. Where in the record does it show that no counsel in — with respect to the DUI conviction? Because it's a little puzzling to say that Nevada has an unconstitutional proceeding, because that would be the import of your argument. Well, I mean, in the record — I mean, the minutes include — in the record of — in the administrative record, there are minutes, and the minutes show that he was convicted of a DUI, and he had two days of jail time, and there was no attorney. It does. And can you direct me to a page in the record? Yes. The minutes are at 289 for the DUI. Okay. Your Honor, in closing, under — even though a matter of COIAR did have the holding that the Court indicated, they did discuss those two issues, a right to counsel and right to jury trial. And they affirmed again that they have to have — in order to be genuine criminal proceedings, they have to have those constitutional safeguards. And that case can be distinguished from Nevada. Where my client did not have a right to counsel and was sentenced to two days in jail, and Nevada does not have a two-tier system where you get that right to a jury trial. Well, I guess the question is, we're too deferred to the BIA's construction of the word conviction. The government has argued, and I don't know before us here, but in other contexts, that the definition of conviction that the BIA has adopted only requires proof beyond a reasonable doubt. And I know the — I think the Third Circuit in Castillo, which I'm not sure if you cited it, but was citing connection where they look at, as La Mazar says, it's — and Queller-Gomez, it's unclear exactly what is the definition that the BIA has adopted. Well, the Third Circuit did indicate that, but in matters of La Mazar, at page 687 and 688, they did indicate that they have to have — in order to be genuine criminal proceedings, they have to have those minimum constitutional safeguards. And matter of queer repeated that and discussed those two points. So that's why we're — they did indicate the burden of proof of the prosecution has to have a burden of proof that is beyond reasonable doubt. That is one issue. That's one constitutional, which isn't present here. That's not our problem. Our problem is that he didn't have a right to counsel or a right to jury trial. I'm going to reserve the rest of the time. Thank you. May it please the Court, Nicholas Harling for the Respondent. In this case, the agency properly determined that Mr. Ramos's two misdemeanor convictions rendered him ineligible for temporary protected status. He conceded his removability and he conceded that his DUI conviction was a misdemeanor. I was looking as counsel was speaking to find the exact citation in the record. I wasn't able to do it in these few minutes, but I'm more than happy to supply it to the Court later. I believe it was either in the brief to the immigration judge or the board that that DUI — that it was conceded that that DUI was one of the misdemeanors. But it might still not rise to the level of a conviction as defined by the BIA. I mean, we know it was defined by the State as criminal. That's one of the factors they looked at. It's a misdemeanor. But the question is, is that a conviction for purposes of the BIA's interpretation of 1101A48? And I guess, do you agree that he was sentenced to prison time and was not — did not have counsel, was not given the right to counsel in that Nevada proceeding? I apologize, Your Honor. In reading the Petitioner's brief, it was not apparent to me that they were also making the conviction argument in reference to the DUI because — Okay, so you don't know the answer. I mean, the brief was a little ambiguous, but it didn't say, I'm only looking at petty larceny. It just said his convictions, so — My focus for the issue of whether this is a conviction for immigration purposes, I focus solely on the petty larceny because I believe that to be what Petitioner was making their case for. Okay. Well, let's assume that he did receive two days of imprisonment and he did not have right to counsel. Would that then not meet the definition of conviction as the BIA has interpreted that word? Well, I think that it is his burden to show that this is a conviction for immigration purposes. And we don't know that he's indigent. I'm not sure that he's established that. So we don't know that he had a right to counsel because we don't know that he's an indigent defendant. So I think that's a predicate determination that needs to be made in that situation, Your Honor. In addition, in light of having the burden of proof to establish his eligibility for temporary protected status, he had to show that his misdemeanor conviction for petty larceny was vacated on a basis of procedural or substantive error. And that wasn't done in this case, Your Honor. Your Honors, before the immigration judge in his brief, he stated that the basis of the vacature was on an ABADA revised statute that was clearly not based on a procedural or substantive error. He later withdrew that assertion but didn't replace it with any indication on what basis the conviction was vacated. And again, that goes to his burden to establishing whether this is a conviction or whether the conviction remains viable for immigration purposes. I would just like to address, in reference to the matter of Quilar Gomez and Eslamizar and Castillo, in all those cases, there were factual indicia that perhaps they involved a set of facts that did not, when convicted, did not rise to the seriousness of genuine criminal proceedings that should have immigration consequences. Well, the BIA wasn't talking about whether they were serious other than did the jurisdiction define it as criminal. It seemed like they were looking at whether it had constitutional safeguards in order to be a genuine criminal proceeding. So looking not at the facts of the case but just at the BIA's interpretation or construction of the statute, because that's what we need to consider, do you disagree with opposing counsel that to be a genuine criminal proceeding you have to have the minimal constitutional protections, which would include not only proof beyond a reasonable doubt but also right to counsel and right to jury trial where required by the Constitution? Do you disagree with that? That's what I understand the argument to be. Clearly, I would agree that Eslamizar seems to be suggesting that beyond the reasonable doubt standard is necessary. However, in this case, again, Petitioner has the burden. There's no indication clearly that I could find that this conviction, the petty larceny involved, anything less than to be established by beyond a reasonable doubt. And how about the other indicia of constitutional minimum that were discussed at some length in Cuellar-Gomez? In Cuellar-Gomez, I'm not sure that that case should be read that the Board is saying we require these protections. What the Board was saying is in that case it involved a municipal ordinance. And so the Board said we need to look further to determine whether this municipal ordinance conviction should have immigration consequences. And when they looked at it, they said, well, there is a right to an attorney. There is a right to jury. And so, therefore, it is a serious enough ---- That's not what they were saying, right? That was an argument. This is not a criminal, true criminal proceeding because there's no right to jury trial. Excuse me, you're right. And then the BIA said no. I mean, if they said it doesn't matter, they would have just said, well, it doesn't matter whether there is or not because that's not how we define conviction. But instead they said, well, we looked into it. In fact, you do have a right under these circumstances. So it does meet constitutional muster. Again, Your Honor, even if the Board is stating that that is required in the context of the petty larceny conviction, there was no ---- there wasn't ---- Mr. Ramos did not spend any time in jail for that. And so even though ---- and I believe that because the way I read it is if you didn't stand to potentially have imprisonment more than six months, which was not the case for the petty larceny conviction, then it doesn't matter that you don't have a right to a jury trial. That's okay. That was my understanding of the Supreme Court cases that were cited in Cuellar-Gomez on that point. And your argument with respect to the DUI is that the record doesn't show he was indigent. Is that correct? That's ---- well, my first argument is that the Petitioner waived any challenge and, in fact, conceded that that is a misdemeanor. And then if the Court finds that that point wasn't conceded, that the Petitioner did not meet his burden of proof to show that he was an indigent defendant. Okay. If there's no further questions from the panel, the Government would request that the petition for review be denied. Thank you. Thank you. Just briefly, Your Honor. I did want to make sure that the Court understood. I did make an argument that a vacated conviction did not was, you know, could not count. And I also made that Islamazar argument from the very beginning. And so I don't think that the Court needs to address the vacated argument because it can rest on just the Islamazar argument. Is the ---- does the record show that Petitioner was indigent for the ---- at the time of the DUI conviction? Your Honor, the record includes tax records for 1997 all the way up to a certain amount of time during both of those times when he was convicted and he was making ---- his earnings were minimal. So that would show that he was indigent at the time. And also in the minutes, it does not include that he had counsel. And also the Court may refer to a publication issued by the National Legal Association that documents the unconstitutional practices that were going on in Clark County, Nevada, in 2003. And so there was already concern with these types of due process violations. Do you stretch the definition of indigent by saying that anybody is indigent? Does the defendant have a burden to show that he was indigent? Your Honor, in the taxes they show, like, 1997, I think he said it was $4,000 that he was making, the taxes, which are in the record of proceedings. And for 2002 and 2003, I believe it was like $12,000. We'd have to conclude from that, as far as you're concerned, that anybody with this is indigent, I guess. Is that your position? Well, the record shows that he was making minimal earnings at that time period and that it's very possible he was indigent. There's no statement here from him that he was indigent at the time, nor is there any showing in the record that he was indigent at the time. So you're asking us to conclude that anybody who makes minimum wage must of necessity be indigent. Now, is that the position, or do I misunderstand? No, what I'm asking the Court is, I guess, to recognize that there is in the record of proceedings that he was making minimal earnings. Is there a legal definition of indigent, or has it been defined by the Supreme Court? Do we know what that means? You said he was making $4,000 a year. Is there a case, or is there any statute or any other guidance that would tell us that that is equivalent to being indigent when you make $4,000 a year? I'm not aware, Judge. I'm not aware if there is a case that has defined indigent. And to address also — Other than who had the burden of proof? I'm sorry, Judge? Does it matter who had the burden of proof? To show — Indigent. Well, I mean, in all proceedings, for example, the Nevada statute has already a statute that says that you have a right to counsel if you ask for it or if the Court, you know, informs you of it. But in these proceedings, in these municipal court proceedings in Nevada, they're so summary that they don't issue all those warnings. They don't give any rights. And so, you know, it's just a simple citation that was issued to him, and, you know, they process it without any of those constitutional rights. And so something so petty, like a petty larceny or the first offense DUI, can have these major consequences that, you know, make him ineligible for TPS, which is a fairly, you know, low burden of proof to show that you're eligible for TPS. Thank you. Your time has expired. This case is submitted.
judges: Black, Farris, Ikuta